EXHIBIT 1 (Page 1 of 3)

David Chen
Ph: (206) 583-2609
Email: david@dwcattorney.com

# DWC LAW FIRM P.S.
### A PROFESSIONAL LEGAL SERVICES CORPORATION



www.dwcattorney.com
Facsimile: (206) 583-2344

219 First Avenue South, Suite 400, Seattle, WA 98104
PO Box 3041 Seattle, WA 98114-3041

January 5, 2010

<u>Via Email to agold@actechbooks.com</u>
<u>Via Facsimile to  970.887.2197</u>
<u>Original via U.S. Mail</u>

Andy Gold, Owner
Aircraft Technical Book Company
PO Box 270
Tabernash, CO 80478

**Re:    Aviation Supplies & Academics, Inc.**
         DWC Ref: 175-132P-1

Dear Mr. Gold:

I represent Aviation Supplies & Academics, Inc. ("ASA"), of Newcastle, Washington on matters related to unfair competition, false designation of origin and trademark infringement.

As you know, our client, ASA, is a well known and leading publisher of aviation instructional and reference materials.  ASA has been widely using and promoting its current trademarks in commerce, including, for example, ASA (stylized words with wing design), and its trade dress, including, for example, ASA's distinctive book cover designs, in connection with its publications for over fifteen (15) years.  A substantial amount of goodwill is associated with our client's products and services and its connected trademarks and trade dress.

We understand that you and your company ("you") sell ASA publications online. Our client certainly appreciates your support in this regard.  However, at the same time, it has come to our attention that you are promoting and selling "ebooks" (featuring instructional and reference materials in the field of aviation) in a manner that is damaging to our client's intellectual property rights.

Through your website at www.actechbooks.com and through the website at www.atecbooks.com, consumers can access individual web pages, each displaying an ASA book cover.  At those web pages, a consumer can select to initiate a purchase process for a corresponding ASA hardcopy book by clicking on a first link labeled "add to cart."  However, that first link is posted in close proximity to a second link also labeled

"add to cart," with both links being closely associated with a corresponding image of an ASA book cover. If the consumer clicks on the second link, an order process is initiated for a corresponding ebook, but not the ASA hardcopy book corresponding to the displayed book cover. As you know, ASA does not presently license or sell ebooks, and we understand that you supply the ebooks.

Your use of ASA trademarks and trade dress to promote the sale of your ebooks violates Section 43(a) of the Lanham Act and constitutes false designation of origin and unfair competition. Your use could also constitute trademark and trade dress infringement and dilution, all of which are violations of federal law and state law. *See, e.g., Truck Equipment Service Company v. Fruehauf Corporation*, 536 F.2d 1210 (8th Cir. 1979) (Using photograph of distinctive configuration of competitor's product to solicit orders is false designation of origin and unfair competition.). Furthermore, even if some of the web pages at issue state that the ebooks "are FAA products," we note that courts recognize that disclaimers are often ineffective when the infringer uses an exact replica of the relevant trademark or trade dress. Indeed, as noted by one court, "[c]ourts have been justifiably skeptical of such [disclaimers]--particularly when exact copying is involved," such as your use of ASA's distinctive book covers. *Au-tomotive Gold, Inc., v. Volkswagen of America, Inc.*, 457 F.3d 1062, 1077 (9th Cir. 2006). *See, also, Volkswagen of America, Inc., v Bob D'Amato*, 469 F.3d 534 (6th Cir. 2006) (The principle that disclaimers are often ineffective is especially applicable when the infringer uses an exact replica of the relevant trademark or trade dress).

We also understand that you have changed some of the ASA book cover images by removing trademarks from those images and using them to sell ebooks. If so, this can also constitute "reverse passing off" by your obliteration of the ASA trademarks and direct association of ASA product images with your ebooks. Again, this would also be a violation of Section 43(a) of the Lanham Act and it tends to indicate that you are aware of the association consumers make between ASA's book covers and your ebooks.

The Lanham Act provides remedies for false designation of origin, trademark infringement (including trade dress infringement), and trademark dilution (including trade dress dilution), including preliminary and permanent injunctive relief, money damages, an infringer's profits, an award of attorneys' fees and costs, and up to three times the amount of actual damages.

It is our client's preference to resolve this matter amicably, if possible, but it will require your cooperation. On behalf of ASA, I demand that you cease and desist from using ASA book covers-- or any other ASA trade dress-- and ASA trademarks, in connection with the advertising, promotion or sales of ebooks or any other products or services unless otherwise explicitly authorized in writing by ASA. In particular, but without limiting the demand stated above, ASA requires that:

(a) you immediately delete, within the next <u>twenty (20) days</u>, any and all linking page elements which you have published or caused to be published online, such as the "add to cart" links, on web pages displaying ASA book covers unless such linking page elements are specifically dedicated to facilitate the purchase of ASA

EXHIBIT 1 (Page 3 of 3)

products (The dedicated linking elements must not themselves lead into pages displaying optional ebook purchases);

(b) provide written notice to me immediately after receiving this letter that you intend to comply with the demands set forth herein and notify me when you have complied; and

(c) after you comply with our client's demands set forth above, enter a written agreement with ASA (which I will provide), governing the display of ASA trademarks and trade dress, including any display of ASA book covers in the context of promoting and selling ASA publications.

Again, our client is appreciative of your efforts in marketing ASA products; however, ASA also wants to ensure that the display of its trademarks and trade dress, as indicators of source and quality, continue to be under its exclusive control as valuable intellectual property of ASA. I trust you will appreciate my client's concern in this regard.

This letter does not purport to be a complete statement of the law or facts, and is without prejudice to our clients' legal and equitable rights, which are expressly reserved. If you have any questions or concerns, you can reach me directly at 206.583.2609 or via email at david@dwcattorney.com. I look forward to receiving your prompt response.

Very Truly Yours,

David Chen
DWC/sg

EXHIBIT 2 (Page 1 of 6)

-----Original Message-----
**From:** Aircraft Technical Book Company [mailto:agold@actechbooks.com]
**Sent:** Thursday, January 14, 2010 3:29 PM
**To:** asa
**Cc:** david@dwcattorney.com
**Subject:** Fw: Aviation Supplies and Academics - Your Response Required

Alright Mike, I have better things to do then continue this fight.  So here is what we will do.

1] Regarding the PTS group; all ASA PTS covers have been completely removed from our sites and replaced with own covers.

2] Regarding the FAR/FC, ANA, CUG, and AC43.3; within 5 days the ASA covers will be removed from our site and replaced with our own covers.

3] Regarding 8083-1 and 8083-2.  I know you know that ASA does not own that art.  It is public domain directly off the DOT web site.  I have as much of a right to use it as you.  Sorry, no changes there.

I know of no other instances where the concerns stated by you or your attorney are applicable.  This matter is concluded.

Andrew Gold
Aircraft Technical Book Company

----- Original Message -----
**From:** David Chen
**To:** agold@actechbooks.com
**Cc:** 'David Chen'
**Sent:** Wednesday, January 13, 2010 2:40 PM
**Subject:** RE: Aviation Supplies and Academics - Your Response Required

> **WITHOUT PREJUDICE**
> **SETTLEMENT COMMUNICATION UNDER FRE 408**
> SUBJECT: Aviation Supplies and Academics - Your Response Required
> DWC Ref: 175-132P-1
>
> Dear Mr. Gold:
>
> Thank you for your email of Friday, January 8, 2010.
>
> As I have already indicated, ASA is indeed appreciative of your efforts in marketing ASA products.  The reason we are providing such extensive explanation at this time in a "cooperative relation" to resolve this matter is, in part, due to your contributions to sales of ASA products.  I trust you will understand that my client's appreciation of your sales efforts is not negated because of ASA's necessity to ensure protection of its intellectual property.

EXHIBIT 2 (Page 2 of 6)

It appears that in response to my client's demand at item (a) in my letter of January 5, 2010, you state that " *[t]he additional titles which fall into this category will be so completed by your requested deadline.*" It is encouraging that you at least seem to be considering responsive action; however, I have reviewed your counter-proposal examples at www.atecbooks.com/products/act382 and www.atecbooks.com/products/act017, wherein you have partially obscured the ASA book cover images with other book covers.  The counter-proposal is not acceptable to ASA.  Your act of merging the images to create derivative images to sell products in commerce is itself a violation of the Lanham Act  (and copyright law), because, among other things, the ASA book covers comprise trade dress and trademarks owned by ASA and you are not authorized to mutilate or obliterate my client's distinctive trade dress or trademarks (or copyright images).  You seem to conclude that you have somehow complied with the law; however, the additional violations contribute further to the infringement and aggravate the legal issues.  I have already provided a detailed solution in my letter of January 5, 2010, including at item (a).  Your counter-proposal examples are further record of willful infringement because even though you are not complying with our demand to date, you continue to publicly manipulate my client's intellectual property, in the course of commerce, without advice of counsel, which is "objectively reckless" and thus pertinent to the law of willful infringement.

I again request that you cooperate with our demands.  If you wish to display multiple "add to cart" links on one web page (instead of different web pages as set forth in my January 5 letter), my client is willing to consider your display of the "add to cart" links in different boxes (if not different pages).  However, each box containing an ASA book cover must contain only a link dedicated to the corresponding ASA book represented by the ASA book cover.  If you would like to explore this option, we request that you provide an example immediately for my client's consideration, because our previously stated deadline of **January 25, 2010** still stands.

We look forward to your full compliance.  When you have completed this, I will forward the Settlement Agreement for your review, which will address the use of ASA trademarks and trade dress going forward, and will also require, among other things, that you not obliterate or mutilate trademarks or trade dress (or copyright images) of ASA.  If this matter can be resolved in a timely fashion the draft settlement agreement will also include a release of claims against you and your company for past infringing activity (not to be binding until and unless executed by ASA in writing).

Regarding your statements at 1] (in your email below) that imply it is somehow my client's burden to currently identify all of your infringing activities, the examples were provided at your request, as a courtesy in a cooperative effort to assist you in complying with the guidelines in the letter.  As I indicated before, the examples provided do not limit the scope of my client's rights.  It seems that you continue to misconstrue the procedural ramifications here in addition to the law: *If you are engaging in infringing activity, it is against the law regardless of whether my client or I can locate all instances of your infringing activity.*  If further instances of infringing activity have to be discovered in litigation by court sanctioned discovery procedures while you are now being given every opportunity to cooperate with my client to address your online postings using the detailed explanation in my letters and emails, it would lend evidence of willfulness if liability is found.  I hope you will see this as a cooperative effort on ASA's part to avoid litigation rather than an opportunity for you to continue infringing activity that we don't specifically locate for you.  We can no longer entertain your unreasonable demands for a listing of all of your instances of infringement (as explained in the January 5 letter), especially if you continue to use those examples as a negotiation tactic to delay compliance.

If you have any questions regarding the nature of the detailed explanation in the January 5 letter, I again suggest that you obtain counsel, but I would be happy to answer your questions in a good faith effort to reach resolution if you do not presently intend to obtain counsel.  I can be reached at 206.583.2609.

EXHIBIT 2 (Page 3 of 6)

This communication does not purport to be a complete statement of the law or facts, and is without prejudice to my clients' legal and equitable rights, which are expressly reserved

I look forward to receiving your confirmation of compliance with item (a) by the deadline. Thank you for your cooperation in advance.

Best Regards,

David Chen

-----Original Message-----
**From:** Aircraft Technical Book Company [mailto:agold@actechbooks.com]
**Sent:** Friday, January 08, 2010 8:58 AM
**To:** david@dwcattorney.com
**Cc:** asa
**Subject:** Re: Aviation Supplies and Academics - Your Response Required

David,

1] It is the burden of you and your client specify your complaint.  It is not up to me to guess what is on his mind.  This, considering that while some of the product descriptions listed below (for example act382, and act017) do fall within his stated concerns stated, others such as act619 and act228 do not)  Those covers are not the property of ASA.  Instead that art is public domain prepared by the U.S. Department of Transportation.  It is surprising to me that your client does not know this, and thus further guesses of what else he does not know is not within the realm of reason.

2] As referenced above, those products which fall within the defined scope of your complaint are being adjusted.  act017 and act382 have already completed.  You will also note that the "boxes" defining products on our web sites are not intended to offer only ASA products. Rather, they are intended to describe a title (in every case here, a public domain titles); of which case ASA is only one of several publishers.  Now, in each of these cases we display multiple covers thus eliminating consumer confusion or the perception that the ASA cover is being offered in eBook format. The additional titles which fall into this category will be so completed by your requested deadline.

3] This prompt response further indicates our wish to cooperate with your client's concerns.  Additionally, had your client's "prior notice" been made with some greater degree of civility or clarity, we would likely have come to a resolution of these matters far more amicably than what we deal with now. Based on over ten years of effort promoting your client's products and well over $1 million of purchases to date, I feel we are deserving of a more cooperative relation.  The fact that your client disagrees is disturbing and will certainly effect future business decisions.

Andrew Gold
Aircraft Technical Book Company

----- Original Message -----
**From:** David Chen
**To:** 'Aircraft Technical Book Company'
**Cc:** 'David Chen'

EXHIBIT 2 (Page 4 of 6)

**Sent:** Thursday, January 07, 2010 6:18 PM
**Subject:** RE: Aviation Supplies and Academics - Your Response Required

**WITHOUT PREJUDICE**
**SETTLEMENT COMMUNICATION/ INADMISSIBLE AS EVIDENCE UNDER FRE 408**

SUBJECT: Aviation Supplies and Academics - Your Response Required
DWC Ref: 175-132P-1

Dear Mr. Gold:

Thank you for your prompt response. Please address your future communications regarding this matter to me directly.

Although my client is pleased that you agree to "address each of those complaints" set forth in my letter of January 5, 2010, your response falls short of the compliance requested.

Regarding your request for a "specific list," I have provided some examples in the links below. They are examples only and do not limit the scope of violations complained of. It is incumbent upon you to properly identify and address all online locations at which the violations exist, in accordance with the detailed explanation set forth in my letter of January 5, 2010. Only you will know where every violation might have been posted.

If you continue the acts complained of at any online locations because you somehow expect my client to carry the burden of searching out all of your postings, we will take such action to further indicate your willful and intentional infringement. The law does not impose a duty on my client to identify all locations of your violations in order to sue for them later. Instead, it is your duty to address them and we are providing the examples in a good faith attempt to reach a resolution. Your good faith cooperation and effort is also necessary to reach a resolution. As you may recall from my letter of January 5, willful infringement can be a basis of enhanced damages including attorney fees and you have now received notice more than once.

If you require additional explanation regarding the nature of the violations beyond what is in my letter, please contact me. However, if you are having troubles understanding the nature of the violations complained of thus far, I suggest that you engage an intellectual property attorney. In any case, if you wish to cooperate, you can begin by eliminating the links complained of to the best your understanding regarding the violations, and then notify me when that is complete, but no later than January 25, 2010.

Regarding your comment as to item "(c)", contrary to your statement that you are somehow "entitled" to display ASA book covers (i) you are not "entitled" to reproduce and display the copyright images in a commercial capacity without permission from my client; (ii) you are not "entitled" to obliterate my client's trademarks from images of its book covers; and (iii) you are not "entitled" to use such images in a manner that violates my client's rights as set forth in my letter of January 5. Again, I base these assertions on the law of copyrights, trademarks and unfair competition. If you require counsel to assist you, I suggest that you engage an intellectual property attorney.

For all of the reasons above, including the fact that your violations seem to have continued despite my client's prior notice, a settlement agreement is necessary here to govern the parties' future conduct on this matter. If you refuse to execute such an agreement, my client will take this to reflect your continued intent to engage in the violations in the future. If you are willing to enter into a settlement agreement governing future conduct on this matter, please first take steps to eliminate the linking elements complained of no later than January 25th, 2010 to the best of your understanding (see above). Thereafter, I can provide the draft settlement agreement for your review which will address the matters in more detail.

EXHIBIT 2 (Page 5 of 6)

If this matter is resolved quickly, my client will not seek monetary costs or damages and the parties will be able to avoid litigation.

This communication does not purport to be a complete statement of the law or facts, and is without prejudice to my clients' legal and equitable rights, which are expressly reserved.  If you have any questions or concerns, you can reach me directly at 206.583.2609 or via email at david@dwcattorney.com.  I look forward to receiving your prompt response.


Best Regards,

David


http://www.atecbooks.com/products/act5001/  pts group

http://www.atecbooks.com/products/act982/  pts collection

http://www.atecbooks.com/products/act017/ aero naval

http://www.atecbooks.com/products/act228/ advanced avionics handbook

http://www.atecbooks.com/products/act382/ far/fc

http://www.atecbooks.com/products/act445/ non destruct test

http://www.atecbooks.com/products/act489/ pts commercial

http://www.atecbooks.com/products/act490/ pts amt

http://www.atecbooks.com/products/act492/ pts private

http://www.atecbooks.com/products/act494/ pts instrument

http://www.atecbooks.com/products/act638/ pts sport

http://www.atecbooks.com/products/act653/ pts multi

http://www.atecbooks.com/products/act654/ pts atp

http://www.atecbooks.com/products/act619/ weight & balance

http://www.atecbooks.com/products/act655/ pts rotorcraft

http://www.atecbooks.com/products/act656/ pts rotor comm

http://www.atecbooks.com/products/act657/ pts cfi single

http://www.atecbooks.com/products/act658/ pts cfi multi

EXHIBIT 2 (Page 6 of 6)

http://www.atecbooks.com/products/act659/  pts cfi instrument

Best Regards,
David
DWC Law Firm, P.S.

www.dwcattorney.com
Main (206) 583 2609
Direct (206) 779 5394
Fax (206) 583 2344
Located at:
219 First Ave. S. Suite 400
Seattle WA 98104

Mailing Address:
PO Box 3041
Seattle, WA 98114

The contents of this transmission, including any attachments, may be confidential and legally privileged. Any unauthorized use, distribution, disclosure or reliance on information contained in this transmission is strictly prohibited. If you have received this transmission in error or are not an intended recipient, please kindly delete it and notify the sender by return email.



EXHIBIT 3



EXHIBIT 4



EXHIBIT 5



EXHIBIT 6



EXHIBIT 7
(Page 1 of 3)



EXHIBIT 7
(Page 2 of 3)



EXHIBIT 7
(Page 3 of 3)



EXHIBIT 7
(Page 1 of 3)



EXHIBIT 7
(Page 2 of 3)

EXHIBIT 7
(Page 3 of 3)



EXHIBIT 8



EXHIBIT 9
(Page 1 of 5)



EXHIBIT 9
(Page 2 of 5)



EXHIBIT 9
(Page 3 of 5)



EXHIBIT 9
(Page 4 of 5)



EXHIBIT 9
(Page 5 of 5)